

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ANGEL L. LAHOZ,

                    Plaintiff,           08 Civ. 4364

     -against-                            OPINION

ORANGE COUNTY JAIL; LT. DIMARCOS;
SGT. WEED; SGT. W. STROPPEL;
C.O. J. KUSIK; C.O. CONKLIN;
C.O. ZEPPELIN; C.O. FLAGHER;
C.O. GOODENOUGH,

                    Defendants.

------------------------------------X
```

A P P E A R A N C E S:

Pro Se

ANGEL L. LAHOZ
DIN#:  08a3842
Great Meadow Correctional Facility
11739 State Route 22, Box 51
Comstock, NY  12821

Attorneys for Defendants

ORANGE COUNTY
DEPARTMENT OF LAW
255 Main Street
Goshen, NY  10924
By:  Joseph F. Mahoney, Esq.
     David L. Darwin, Esq.

**Sweet, D.J.**

Defendants Orange County Jail, Lt. DiMarcos, Sgt. Weed, Sgt. W. Stroppel, C.O. J. Kusik, C.O. Conklin, C.O. Zeppelin, C.O. Flagher, and C.O. Goodenough (hereinafter the "County Defendants") have again moved to dismiss the complaint of Angel Lahoz, pro se ("Lahoz" or the "Plaintiff") alleging civil rights violations under 42 U.S.C. § 1983, pursuant to F.R.C.P. Rule 12(b)(6), or for summary judgment pursuant to F.R.C.P. Rule 56. Upon the facts and conclusions set forth below, the motion of the County Defendants for summary judgment is granted, and the complaint dismissed.

This pro se action has a troubled history. To date, it has centered on the requirement that the Plaintiff must exhaust his administrative remedies. Both parties have taken inconsistent factual positions making a resolution of the present motion problematic. However, on the basis of what has been established in this record, it is concluded that Lahoz failed to pursue his remedies.

**Prior Proceedings**

Lahoz filed his pro se complaint on May 9, 2008 alleging an unwarranted assault by the County Defendants on October 17, 2007 while he was incarcerated in the Orange County Correctional Facility ("OCCF").

The County Defendants moved to dismiss under Rule 12(b)6 and Rule 56. Their motion was denied by the opinion of the Court filed March 3, 2009 (the "March Opinion") on the grounds that Lahoz raised a factual issue, namely that he had been denied access to the grievance procedures. The County Defendants untimely sought reconsideration which was denied by the opinion of the Court filed November 18, 2009 (the "November Opinion"). However, because the opposition of Lahoz concerning his denial of access had not been served on the County Defendants and it was relied upon by the Court in the March Opinion, that opinion was vacated and the County Defendants were granted leave to renew their motions to dismiss.

The instant motions were marked fully submitted on January 27, 2010.

**The Facts**

The facts have been set forth in the Local Rule 56.1 Statement of the County Defendants, the affidavits of Sergeant Edward Kistner, the complaint pro se of Lahoz and his submission in opposition to the instant motion. The facts are not in dispute except as noted below.

Lahoz was confined to the OCCF from January 19, 2007 through July 17, 2008. The claims of excessive use of force alleged in the complaint arose out of an incident that occurred on October 17, 2007.

OCCF had a grievance procedure in place for the duration of Lahoz's confinement. Lahoz had used the grievance procedure at the OCCF on six occasions prior to the incident alleged in the complaint, but did not file a grievance pertaining to the October 17, 2007 incident.

In the complaint, Lahoz stated that he filed a grievance regarding "[t]he force the officers used against [him]," (Compl. ¶¶ IV(D), (E)(1)), and that he appealed his grievance when he "wrote the administration office, Coronel D. Orsino about this situation." (Compl. ¶ IV(E)(3).)

3

Confronted with the instant motion, however, Lahoz stated:

> 3. The reason why I never filed a grievance is because after I was brutally assaulted by the mentioned defendant on October 17, 2007, Captain Ryan sent a memorandum ordering that I don't get any recreation, be allowed to use the phone, that I get only a 5 minute shower, 3 times a week only and supervised by a Sergeant, and that I don't get any supplies, writing paper, envelopes, pen, etc. so therefore I couldn't file a grievance.
>
> 4. After I was brutally assaulted by the mentioned defendants on October 17, 2007, I requested a grievance form and was denied one by the Sergeant, which violated my constitutional right.

(Lahoz Aff. ¶¶ 3, 4. (emphasis added))

On October 22, 2007, Lahoz wrote a letter to Lieutenant DiMarcos, which Lieutenant DiMarcos marked as received on the same date. In the letter, Lahoz apologized for his conduct "the other day," apparently referring to the October 17, 2007 incident, and requested that no charges be pressed against him. (Mahoney Reply Aff. Exs. A, B.)

4

**The Summary Judgment Standard**

The summary judgment standard was set forth in the March Opinion and is equally applicable here.

**Lahoz Has Failed to Exhaust His Administrative Remedies**

The Prisoner Litigation Reform Act ("PLRA") states in pertinent part:

(a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).[1]  The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of available administrative remedies is required for "any suit challenging prison conditions,

---

[1] The PLRA also provides that a court may dismiss any action brought by a prisoner under 42 U.S.C. § 1983 with respect to prison conditions if the court is satisfied that the action fails to state a cause of action upon which relief can be granted. See 42 U.S.C. § 1997e(c)(1).

5

not just for suits under § 1983." Woodford v. Ngo, 548 U.S. 81, 85 (2006).

Plaintiff's complaint asserts that he was the victim of excessive force used by the County Defendants while he was incarcerated at OCCR. Such a claim concerns "prison conditions," and therefore is subject to the exhaustion requirement of the PLRA. Porter, 534 U.S. at 532; Santiago v. Meinsen, 89 F. Supp. 2d 435, 439-40 (S.D.N.Y. 2000) (failure to protect an inmate from violence is a "prison condition" subject to the PLRA's exhaustion requirement).

Relying on Lahoz's prior allegation that he had been denied access to the grievance procedure, as set forth above, the County Defendants' prior motion for summary judgment was denied on the basis of a factual conflict. Additional facts are now available.

Lahoz claims in his affidavit that he "requested a grievance form and was denied one by the Sergeant." He does not identify the Sergeant or the circumstances of the denial. Also, on page 4 of the complaint, Lahoz asserted that he did, in fact, "file a grievance" concerning the

6

"force the officers used" on October 17, 2007. The complaint also alleged that Lahoz appealed the determination of this grievance in a writing directed to "Coronel D. Orsino." This allegation conflicts with Lahoz's affidavit alleging that he was denied access to the grievance procedure.

Lahoz also asserted, as set forth above, that he was deprived of writing materials and for that reason was denied access to the grievance procedure. However, on October 22, 2007, Lahoz delivered a hand-written letter to Lieutenant DiMarcos in which he apologized and sought to explain his behavior on October 17, 2007. The letter was written within the period allowed for filing a grievance, demonstrating that Lahoz — who had filed six grievances prior to the letter to DiMarcos — was not deprived of writing materials and could have filed a grievance.

In the absence of any specific facts concerning the denial of access, and in light of the contradictions in Lahoz's sworn assertions, his letter to Lieutenant DiMarcos establishing his capacity to grieve, and his knowledge of the grievance procedure, Lahoz's alleged assertion of denial will not be countenanced. See Bickerstaff v. Vassar

7

College, 196 F.3d 435, 455 (2d Cir. 1999) ("It is beyond cavil that 'a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts the affiant's previous deposition testimony." (quoting Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir. 1996))); In re Zyprexa Prods. Liab. Litig., Nos. 04-MD-1596 and 07-CV-3912, 2009 WL 2762170, at *19 (E.D.N.Y. Aug. 28, 2009) ("A party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." (quoting Mack v. United States, 814 F.2d 120, 124-25 (2d Cir. 1987))).

This is that rare case where the uncontested facts demonstrate that Lahoz's assertion of the fact of denial appears to have been created solely to oppose summary judgment, is not a "genuine" issue for trial, and must therefore be disregarded. See Hayes, 84 F.3d at 619 (citing Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969)).

There is no record of any grievance filed by Lahoz with respect to the October 17, 2007 incident. Lahoz's assertion that he was denied access to the

8

grievance procedure is contradicted by uncontested facts and Lahoz's prior sworn assertions. Lahoz was required to exhaust his administrative remedies and did not do so. Accordingly, the County Defendants are entitled to summary judgment.

**Conclusion**

The motion of the County Defendants for summary judgment is granted, and the complaint of Lahoz is dismissed for failure to exhaust his administrative remedies.

It is so ordered.

New York, NY
April 29, 2010

ROBERT W. SWEET
U.S.D.J.

9